TAYLOR (DRAKE v.). See Case No. 4,067.
TAYLOR (FIELDS v.). See Case No. 4,777.

---

### Case No. 13,791.

TAYLOR v. GARDNER.

[2 Wash. C. C. 488.] [1]

Circuit Court, D. Pennsylvania. Jan., 1811.

ATTACHMENT—FUNDS IN HANDS OF GARNISHEE—DEBT DUE GARNISHEE.

On the 14th of September, 1807, a foreign attachment was laid on the property of L., in the hands of the defendant. On the 19th of September, the defendant received goods belonging to L., who, at that time, was under acceptances of bills endorsed by L. and which, on their protest for nonpayment by L., the defendant paid. The attachment entitled the plaintiff to the proceeds of the goods in the hands of the defendant, notwithstanding his liability for, and subsequent payment of the bills endorsed by him.

[Cited in Wanzer v. Truly, 17 How. (58 U. S.) 586; McLaughlin v. Swann, 18 How. (59 U. S.) 223.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

This was a scire facias against the garnishee, upon an attachment and judgment against Lees. The question of law arose upon the following facts: The attachment was laid on the 14th of September, 1807. In answer to the interrogatories put to the defendant, under the act of assembly, he stated, that on the 19th of September, 1807, he received fifty crates of earthenware, belonging to William Lees, which netted nine hundred dollars; but that William Lees was under acceptances of certain bills endorsed by the defendant, which the defendant had been obliged to pay, the bills having been protested for nonpayment. These bills were protested in August, and were taken up and paid by the defendant, in October and November, 1807.

Mr. Levy, for plaintiff.
Mr. Hopkinson, for defendant.

WASHINGTON, Circuit Justice (charging jury). This is a hard case upon the defendant, who at the time this attachment was levied, was liable to pay these bills, as endorser, to a much greater amount than the value of the funds of Lees in his hands, and if he had then paid them, he most undoubtedly would not have had in his hands any effects of Lees, as he could not have been liable for more than the balance of account between him and Lees. But until he paid them, he was not a creditor of Lees; and of course, the attachment bound the effects of Lees in his hands, at the time it was laid, which could not be affected by subsequent credits, to which he might be entitled. The law of this state is too strong to be resisted. It not only declares, that the goods and effects of the absent debtor, in the hands of the garnishee, shall be bound by the attachment, but that the defendant to the scire facias shall plead that he had no goods and effects of the debtor in his hands, when the attachment was levied, nor at any time since, on which the plaintiff is to take issue, and the jury are to find the fact put in issue, one way or the other. Now, until these bills were paid by the defendant, he had no claim against Lees; and on the 19th of September, he had goods of Lees in his hands, which must decide the issue in favour of the plaintiff. The case must be decided precisely in the same manner as if this cause had come on before those bills were paid by the defendant. Your verdict, therefore, must be for the plaintiff, to the amount of the effects acknowledged by the defendant to have been in his hands, independent of those bills.

Verdict for the plaintiff.